United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41313
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENALDO NEMIAH RENFRO,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CR-199-2
---------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Renaldo Nemiah Renfro appeals his sentence following his guilty-plea conviction of one count of conspiracy to possess with intent to distribute less than 100 grams of phencyclidine ("PCP"). He argues that the district court erred in denying his request for a downward adjustment to his offense level based on his minor role in the offense of conviction pursuant to U.S.S.G. § 3B1.2.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A district court's determination of a defendant's role in the offense is a factual finding that this court reviews for clear error. United States v. Deavours, 219 F.3d 400, 404 (5th Cir. 2000). Further, the district court's refusal to grant a U.S.S.G. § 3B1.2 reduction is entitled to great deference. United States v. Devine, 934 F.2d 1325, 1340 (5th Cir. 1991).

Renfro was driving the vehicle in which the PCP was found with his two co-defendants as passengers. He admitted being present when the drugs were purchased in Houston and knew the PCP was in the vehicle, which he was transporting to Beaumont. He also admitted that all three men had been smoking marijuana, and he gave a false name to police when they stopped the vehicle. Finally, police recorded a conversation among the three men discussing the fact that one of them should take responsibility for all the drugs. The district court was not bound by Renfro's self-serving statements about his role in the offense. See United States v. Brown, 54 F.3d 234, 241 (5th Cir. 1995). Renfro failed to show that he was substantially less culpable than the average participant. The denial of a minor role adjustment was not clear error. See United States v. Garcia, 242 F.3d 593, 598 (5th Cir. 2001).

AFFIRMED.